IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES JUNIOUS JOHNSON, | ) | |
|     Petitioner, | ) | Civil Action No. 7:20-cv-00005 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| WARDEN, | ) |     United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

James Junious Johnson, a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus, pursuant to 28 U. S. C. § 2254, challenging his confinement under a state court criminal judgment. The petition was served upon respondent, and respondent has filed a motion to dismiss explaining that the petition contains both an exhausted claim and an unexhausted claim. (Dkt. Nos. 9, 11.) In light of that circumstance, the court concludes that the petition should be dismissed without prejudice to allow Johnson to fully exhaust his state court remedies, if he so chooses.

As explained in respondent's motion to dismiss and the state court documents attached to it, one of Johnson's two claims—which he titles an "actual innocence" claim—was raised on direct appeal before both the Court of Appeals of Virginia and the Supreme Court of Virginia. The Supreme Court of Virginia refused his petition for appeal by an order dated October 9, 2019. (Resp. Ex. C, Dkt. No. 11-3.) As respondent acknowledges, (Dkt. No. 11 at 6), that claim has therefore been properly exhausted.

Johnson's other claim is an ineffective assistance of counsel claim. In Virginia, "[c]laims raising ineffective assistance of counsel must be asserted in a habeas corpus proceeding and are not cognizable on direct appeal." *Lenz v. Commonwealth*, 544 S.E. 2d 299, 304 (Va. 2001).

Johnson did not seek collateral review in state court; thus, his ineffective assistance of counsel claim has not been properly raised before any Virginia court. It is therefore not exhausted, but as respondent notes, the limitations period for filing a state habeas does not expire until October 2020. Accordingly, Johnson still has the opportunity to file in state court and exhaust his claim if he acts promptly. *See* Va. Code Ann. § 8.01-654(A)(2).

A federal court may not grant a § 2254 habeas petition unless the petitioner exhausted the remedies available in the courts of the state in which petitioner was convicted. 28 U.S.C. § 2254(b); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). The exhaustion requirement is satisfied by seeking review of a claim in the highest state court with jurisdiction to consider the claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Where, as here, a petitioner files in federal court while he still has available state court proceedings in which to litigate his habeas claims, the federal court should dismiss the petition without prejudice to allow him to exhaust those state court remedies. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971). Likewise, a district court generally should dismiss without prejudice a habeas petition containing a mix of both unexhausted and exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

The court finds a dismissal without prejudice appropriate in this case. Dismissal of the petition without prejudice leaves Johnson "with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose*, 455 U.S. at 510.

If Johnson decides to resubmit his habeas petition without the unexhausted claim, he may do so. *Johnson is advised, however, that in most cases, a state inmate only has one chance to prosecute a federal habeas corpus petition.* If Johnson elects to pursue only his exhausted claim in a § 2254 petition now, and waits to file his ineffective assistance claim in a second § 2254

petition at some later time, the later petition will likely be summarily dismissed under 28 U.S.C. § 2254(h) as successive.

If he elects to return to state court to exhaust his ineffective assistance of counsel claim, Virginia law allows Johnson to file a state habeas petition in the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1); § 17.1-406(B). In the alternative, he can file a state habeas petition directly with the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1). Whichever route he follows in exhausting state court remedies, Johnson must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them on the merits under § 2254. *Slayton*, 404 U.S. at 54; *Rose*, 455 U.S. at 522. If Johnson is dissatisfied with the result of his completed state habeas proceedings, he may then raise *all* of his habeas claims in this court in a new § 2254 petition that will not be considered successive under § 2254(h).[1]

## CONCLUSION

Because Johnson has not yet exhausted his state court remedies as to all of his claims, the court will dismiss his petition without prejudice. An appropriate order will be entered.

Entered: February 20, 2020.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[1] Johnson is advised that his time to file state and federal habeas petitions is limited. *See* 28 U.S.C. § 2244(d); Va. Code § 8.01-654(A)(2); Va. Sup. Ct. R. 5:9(a). The federal time clock will stop running, though, while properly filed habeas corpus proceedings are proceeding in state court. *See* 28 U.S.C. § 2244(d)(2).